CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICKY ODELL BOWMAN, JR., | ) | CASE NO. 7:17CV00322 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NEW RIVER VALLEY REGIONAL | ) | |
| JAIL, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Ricky Odell Bowman, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the New River Valley Regional Jail ("the jail"). Bowman's allegations are brief: "I have a medical complaint about liver levels [and I did] not receiv[e] a regional grievance at no time." Compl. 2, ECF No. 1. As relief, Bowman seeks monetary damages and "treatment for liver." Id. After review of the complaint and attachments, the court concludes that Bowman's claims are legally frivolous and, therefore, will summarily dismiss this case without prejudice.

The court is required to dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The only entity that Bowman names as a defendant to his § 1983

claims is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

In any event, Bowman's submissions do not indicate that he has any constitutional claim against jail officials based on his current allegations. Bowman's attachments state that he is serving a four-year prison term. Only "[d]eliberate indifference to [a convicted] inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). Even assuming that Bowman could show that he has a serious medical need for Hepatitis C treatment, a § 1983 claim also requires a showing of deliberate indifference. Specifically, Bowman must state facts in his complaint showing that a particular official(s) had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." Id. at 178. Bowman does not allege that anyone at the jail knew that he has Hepatitis C or a need for immediate medical treatment of it. On the contrary, in a response to Bowman's jail request form asking for Hepatitis C treatment, dated June 20, 2017, a nurse advised him that the jail had no record of his Hepatitis C diagnosis or past treatment and that he would need to sign a release to obtain his medical records on that issue. Bowman also has no § 1983 claim based on denial of a jail grievance form. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Even assuming that plaintiff could amend so as to name a particular individual who he believes violated his constitutional rights, the court believes that the complaint is still subject to dismissal under 28 U.S.C. § 1915A(b)(1).

Because Bowman's complaint presents no legal basis for a claim actionable under § 1983, the court will summarily dismiss this action without prejudice under § 1915A(b)(1), as frivolous. An appropriate order will enter this day.

ENTER: This 27th day of July, 2017.

/s/ *signature*
United States District Judge